**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

        Petitioner-Appellant,

v.

RON WARD, Director, Department of
Corrections,

        Respondent-Appellee.

No. 04-6176

(D.C. No. 03-CV-169-C)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

        This is a *pro se* 28 U.S.C. § 2254 prisoner appeal. Petitioner challenges the

district court's decision adopting the magistrate judge's report and

recommendation ("R&R") denying his habeas petition, which alleged various

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional violations arising out of his state court convictions for grand larceny, unlawful possession of a controlled substance, and unauthorized use of a vehicle. After liberally construing the petition, the district court, adopting in full the magistrate judge's R&R,[1] denied the request for habeas corpus relief. Thereafter, Petitioner requested a certificate of appealability and moved to proceed *in forma pauperis* on appeal. The district court denied Petitioner's requests because "Petitioner [had] not presented a reasoned, nonfrivolous argument on appeal and [because] the appeal [was not] taken in good faith." Dist Ct. Order, May 26, 2004, at 2. Petitioner has renewed those requests with this court.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

---

[1]The magistrate judge issued a seventeen-page R&R concluding, after liberally construing the petition, that Petitioner was barred from re-litigating his Fourth Amendment claims, that certain claims were unexhausted and therefore procedurally defaulted, and that Petitioner could not demonstrate deficient attorney performance on his one non-defaulted ineffective assistance of counsel claim. *See* Report and Recommendation at 7, 9, 15-16.

484 (2000) (internal quotations and citation omitted). When a habeas petition is denied by the district court for procedural reasons, as was partly the case here, Petitioner must clear the added hurdle of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We have carefully reviewed Petitioner's brief, the district court's disposition (including the R&R from the magistrate judge), and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons as set forth by the magistrate judge in her R&R and by the district court in its May 26, 2004, Order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. Finally, Petitioner has submitted papers fashioned as a "new appeal" seeking to overturn the district court's decision to deny bail and to consolidate it with this appeal. We have construed Petitioner's submission as a

motion and **DENY** it as moot.

Entered for the Court


Monroe G. McKay
Circuit Judge